# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**UNITED STATES OF AMERICA**

**v.**

**LESTER JOHN PARKER, JR.**

**Case Number: 2:24-cr-135-SPC-DNF**

**USM Number: 39532-511**

**Roy W. Foxall, CJA**
**2429 First St**
**Ft Myers, FL 33901**

## AMENDED[1]
## JUDGMENT IN A CRIMINAL CASE

Defendant pleaded guilty to Counts One, Six, Seven, Eight, and Twelve of the Indictment. Defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Wire Fraud | December 2021 | One |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud | April 9, 2021 | Six |
| 18 U.S.C. §§ 1029(a)(2 and 2 | Access Device Fraud | June 29, 2021 | Seven |
| 18 U.S.C. § 1028A(a)(2) | Aggravated Identity Theft | June 12, 2021 | Eight |
| 18 U.S.C. § 1956(h) | Conspiracy to Commit Money Laundering | December 15, 2021 | Twelve |

Defendant is sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**Counts 2-5, 9-11, and 13-15 are dismissed on the motion of the United States.**

**IT IS ORDERED** that Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment:

October 21, 2025

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

April 9, 2026

»

---

[1] Amended only to add restitution as ordered at the restitution hearing held January 12, 2026. All other terms and conditions remain unchanged.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**Lester John Parker, Jr.**
**2:24-cr-135-SPC-DNF**

## IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **121 MONTHS. This term consists of a 97 MONTH term as to Counts One, Six, Seven, and Twelve, concurrent to each other, and a 24 MONTH term as to Count Eight, to be served consecutive to all counts**.

**The Court makes the following recommendations to the Bureau of Prisons:**

- **Incarceration in a facility close to home (Lehigh Acres, FL).**

Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons **before 2:00 P.M. on December 19, 2025** as notified by the United States Marshal, if not yet assigned defendant to report to the local marshal for the division.  If defendant is designated to a BOP facility prior, defendant must report as directed.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL


By: _____
Deputy U.S. Marshal

AO 245B (Rev. 09/19) Judgment in a Criminal Case

Case 2:24-cr-00135-SPC-DNF    Document 91    Filed 04/09/26    Page 3 of 7 PageID 655    Page 3 of 7

**Lester John Parker, Jr.**
**2:24-cr-135-SPC-DNF**

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **3 YEARS. This term consists of a 3-YEAR term as to Counts One, Six, Seven, and Twelve, and 1-YEAR term as to Count Eight, all such terms to run concurrently.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
4. Defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.
5. Defendant shall cooperate in the collection of DNA, as directed by the probation officer.

The defendant shall comply with the standard conditions that have been adopted by this court as well as any other conditions on the attached page.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**Lester John Parker, Jr.**
**2:24-cr-135-SPC-DNF**

## STANDARD CONDITIONS OF SUPERVISION

As part of Defendant's supervised release, Defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for Defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in Defendant's conduct and condition.

1.  Defendant must report to the probation office in the federal judicial district where Defendant is authorized to reside within 72 hours of Defendant's release from imprisonment, unless the probation officer instructs Defendant to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed.
3.  Defendant must not knowingly leave the federal judicial district where Defendant is authorized to reside without first getting permission from the court or the probation officer.
4.  Defendant must answer truthfully the questions asked by Defendant's probation officer
5.  Defendant must live at a place approved by the probation officer. If Defendant plans to change where Defendant lives or anything about Defendant's living arrangements (such as the people Defendant lives with), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  Defendant must allow the probation officer to visit Defendant at any time at Defendant's home or elsewhere, and Defendant must permit the probation officer to take any items prohibited by the conditions of Defendant's supervision that the probation officer observes in plain view.
7.  Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so.  If Defendant does not have full-time employment Defendant must try to find full-time employment, unless the probation officer excuses Defendant from doing so. If Defendant plans to change where Defendant works or anything about Defendant's work (such as Defendant's position or Defendant's job responsibilities), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  Defendant must not communicate or interact with anyone Defendant knows is engaged in criminal activity.  If Defendant knows someone has been convicted of a felony, Defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If Defendant is arrested or questioned by a law enforcement officer, Defendant must notify the probation officer within 72 hours.
10. Defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. Defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that Defendant poses a risk to another person (including an organization), the probation officer may require Defendant to notify the person about the risk and Defendant must comply with that instruction.  The probation officer may contact the person and confirm that Defendant has notified the person about the risk.
13. Defendant must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature:_____          Date:_____


AO 245B (Rev. 09/19) Judgment in a Criminal Case

**Lester John Parker, Jr.**
**2:24-cr-135-SPC-DNF**

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1.      Defendant shall be prohibited from incurring new credit charges over $1,000, opening additional lines of credit, or obligating yourself for any major purchases without approval of the probation officer.

2.      Defendant shall provide the probation officer access to any requested financial information.

3.      Defendant is prohibited from travel outside of the State of Florida.

4.      Defendant shall submit to random drug testing not to exceed 104 tests per year.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

Lester John Parker, Jr.
2:24-cr-135-SPC-DNF

## CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | Assessment | AVAA Assessment[2] | JVTA Assessment[3] | Fine | Restitution |
|---|---|---|---|---|---|
| TOTALS | $500.00 | $0.00 | $0.00 | WAIVED | $3,431,841.93 |

Defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If Defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Restitution Ordered |
|---|---|
| United States Small Business Administration/DCF | $3,431,841.93 |
| Court Ordered Restitution | **See attached Addendum |
| 721 19th Street | for itemized breakdown by |
| 3rd Floor, Room 301 | loan number |
| Denver, CO 80202 | |

## SCHEDULE OF PAYMENTS

Special assessments shall be paid in full and are due immediately.

Having assessed Defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

Payment during the term of supervised release will commence within upon release from imprisonment.

While in the custody of the Bureau of Prisons, Defendant shall either (1) pay at least $25 quarterly if Defendant has non-Unicor or (2) pay at least 50 percent of your monthly earnings if working Defendant has a Unicor position.  Upon release from custody, Defendant is ordered to begin making payments of 10 percent of her net monthly income per month and this payment schedule shall continue until total amount has been paid in full or such time as the Court is notified by Defendant, the victim or the government that there has been a material change in Defendant's ability to pay.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due upon date of this Amended Judgment and continue during the period of imprisonment.  **All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the court, the probation officer, or the United States attorney**.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, **(3) restitution interest - WAIVED,** (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

## Joint and Several

Restitution shall be paid jointly and severally:
Case Number: 2:24-cr-235-SPC-DNF
Defendant and Co-Defendant Names: John Lester Parker, Jr. 2:24-cr-135-SPC-NPM
David Kendrelle Sims 2:24-cr-90-SPC-NPM and
Edrica Leann Watson 2:21-cr-107-SPC-K_D

---

[2] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[3] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**Lester John Parker, Jr.**
**2:24-cr-135-SPC-DNF**

| Defendant | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| John Lester Parker, Jr. | $3,431,841.93 | $3,431,841.93 | Clerk, U.S. District Court |
| David Kendrelle Sims | $3,372,888.36 | $3,372,888.36 | Clerk, U.S. District Court |
| Edrica Leann Watson | $424,227.50 | $424,227.50 | Clerk, U.S. District Court |

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Indictment (Doc. 1), Plea Agreement (Doc. 42) and Order of Forfeiture (Doc. 59), that are subject to forfeiture.

AO 245B (Rev. 09/19) Judgment in a Criminal Case